(Hamilton County Court of Common Pleas.)

PHILOMENA WEHAGE *v.* CITY OF CINCINNATI.

---

*Corner lot assessments involving severance of lot, accessory entrance, etc.*

(Decided October, 1894.)

BUCHWALTER, J.

The plaintiff originally owned lot A on attached plat, and erected a dwelling house on Woodburn avenue frontage. The dwelling architecturally fronts on that avenue. Its front door, entrance and hall, and all parts of the house is accessible by that avenue. Its walk begins on the front, runs back around the house to the kitchen, and thence from the kitchen door to

CHAPEL STREET.
20157

Chapel street. Thereafter, and prior to the date of the Chapel street improvement ordinance, plaintiff bought the rear part of lot B, a lot 50 by 60 feet, and then built a house on the consolidated lot, fronting 60 feet on Chapel street by 127.35 deep, and divided the same from her corner lot by a substantial fence.

I am of the opinion that this 60 feet was severed from the platted lot, and such permananent improvement made as to clearly indicate a separate use thereof accordingly.

It is not difficult, therefore, to determine that as to the rear 60 feet, it is liable to the assessment, and that its use does not control the assessable frontage of the remainder of lot A.

If plaintiff owned the remainder of lot B, it would be a reasonable inference that he intended to use more of the rear part of lot A for subdivision, with frontage on Chapel street; otherwise, however, there does not seem to be any such present or intended use thereof. There is no side hall or stairway, or other entrance, than to the kitchen. The sidewalk access to the yard and kitchen door is not used for general access to the house or improvements, but for special access pertaining to the culinary service, and it would not seem to be a general use of the lengthwise frontage, but ought fairly to be treated as a mere accessory to the main frontage on Woodburn avenue, and in arriving at this conclusion, I have overlooked the conclusions stated in the recent case of *Barney* v. *City of Dayton*, 8 C. C. R. 480.

I therefore find the true assessable frontage to be 77.36 feet and 60 feet —in all, 137.36 feet, and hold the assessment including the remainder of the Chapel street line, viz., 64.21 feet, to be invalid. In arriving at this conclusion, I have distinguished this case from various others submitted to me, where the houses were built in block or severally on the rear part of the same lot, without indicating actual severance or re-division of the same; and have likewise distinguished from various cases submitted where there was a *general* use by a side hall, stairway, etc., connecting directly with the lengthwise street, in such manner as to make a double frontage.

*Healey & Brannan*, for plaintiff.

*W. H. Whittaker*, for City.